**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| MICHAEL GORDON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:25-cv-01864-JMB |
| ) | |
| HEATHER COFER, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on self-represented Petitioner Michael Gordon's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. The petition appears to be barred by § 2254's one-year limitations period, and the Court will order Petitioner to show cause why the petition should not be dismissed.

On October 23, 2017, a jury in St. Louis County found Petitioner guilty of murder in the first degree and armed criminal action. *State v. Gordon*, No. 15SL-CR03088-01 (21st Jud. Cir. 2017). On December 19, 2017, the trial court sentenced Petitioner to life imprisonment without parole for first-degree murder and to a consecutive life sentence for armed criminal action. On December 21, 2017, Petitioner filed a notice of appeal with the Missouri Court of Appeals, Eastern Division. The Missouri Court of Appeals affirmed Petitioner's judgment on October 15, 2019. *State v. Gordon*, No. ED106229 (Mo. Ct. App. 2019). Petitioner filed an application for transfer to the Missouri Supreme Court, which was denied on February 4, 2020. *State v. Gordon*, No. SC98237 (Mo. 2020).

On January 29, 2018, Petitioner filed in the St. Louis County Circuit Court a motion to vacate, set aside, or correct judgment under Missouri Supreme Court Rule 29.15. The motion was deemed premature. Petitioner filed a timely amended post-conviction motion on May 6, 2020. *Gordon v. State*, No. 18SL-CC00324 (21st Jud. Cir. 2020). After an evidentiary hearing, the state court denied Petitioner's post-conviction motion on July 10, 2023. Petitioner appealed, and the Missouri Court of Appeals affirmed the trial court on July 11, 2024. *Gordon v. State*, No. ED111851 (Mo. Ct. App. 2024).

Petitioner filed this § 2254 petition on December 19, 2025.

Under 28 U.S.C. § 2244(d):

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> . . .

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The instant petition has been filed more than one year after the Missouri Court of Appeals affirmed the denial of Petitioner's state post-conviction motion. As a result, the Court will order Petitioner to show cause why the petition should not be dismissed as time-barred. *See Day v. McDonough*, 547 U.S. 198, 209 (2006) (district court must give notice to petitioner before sua sponte dismissing petition as time-barred).

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner shall show cause, in writing and **no later than 21 days from the date of this Order**, why this action should not be dismissed as time-barred.

**IT IS FURTHER ORDERED** that if Petitioner fails to comply with this Order, this action will be dismissed without prejudice and without further notice to Petitioner.

Dated this 13th day of February 2026.

*/s/ John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE